The judgment of the court was pronounced by
Slidell, J.
On the 9th of March, 1849, the defendants, by their New Orleans agent, executed in favor of the plaintiffs, or whom it might concern, a policy “ on wheat and lard, shipped on board of the steamboat Duke of Orleans, and barge to be towed by said steamer, at and from St. Louis, Missouri, to New Orleans, as interest may appear.” Subsequently, on the same day, the defendants, by the same agent, executed another policy in favor of the plaintiffs, marked D † 24 “ declared to be on all merchandise, flour, pork, or other produce, shipped to the address of the assured, upon good steamboats, &c., from ports or places as above specified, excepting only such shipments or consignments as the assured may be directed at or before the time of the shipments not to insure.” &c. “ Monthly returns to be made out and tendered of all expired risks,” The policy also contains the words “ lost or not lost.” At foot of this policy was written the following further agreement by the company’s agent. “I will cover under your policy, D † 24, in this office, merchandise or produce shipped at and from St. Louis, Missouri, to this port, on good barges in tow of steamboats to your address, to the amount of $5000, at the rate of three per cent on the valuation ; and property shipped on board of the said steamers having barges in tow will.be covered under the conditions of said policy, provided it does not exceed in value the sum of $10,000. at the rate of i per cent.”
This action is brought for the recovery of the value of flour and corn, shipped per barge George Washington, and lost at the same time with the wheat and lard insured by the policy first mentioned.
The defence mainly urged is that the defendants did not intend to insure the flour and corn, and that if the policy, by its language, covered those articles, it was through mistake, and the defendants are not equitably bound to make good the loss. It is said by the defendants that a court of equity may correct a mistake in a policy. If this be conceded as the true doctrine, and as applicable to contracts made in this State, still it should unquestionably be acted upon with *698 i great caution. As was said by Mr. Justice Story, the aid of a court of equity should be withheld when the mistake is not made out by the clearest evidence, uiccording to the understanding of both parties, and upon testimony entirely exact and satisfactory, Mr. Arnould, in his Treatise on Insurance, remarks that there is only one well- authenticated instance in which a eourt of equity in England has actually exercised the power.
It is obvious that the first policy was directed to specific articles, “ wheat and lard,” and afforded the plaintiffs no protection for any other merchandise coming to their address. It is equally obvious that the terms of the second policy amply cover the other merchandise, “ corn and flour,” which came consigned to the plaintiffs by the same barge in which the wheat and lard were shipped. The language is plain, and entirely free from obscurity; and the defendants certainly cannot escape from responsibility under it for the shipment in question, without clearly showing the. alleged mistake. In this, we think with the judge below, they have failed. The agent of the defendants, who was examined as a witness, does not assert that words of exclusion were intended to be inserted in the policy, which would have shut out shipments by the barge in tow of the Duke of Orleans ; nor does he even assert that in conversations with the assured such an exclusion was spoken of, or that he intimated to them his unwillingness to take a larger risk by the same barge than the wheat and lard consigned to the plaintiffs, and certain other shipments to other customers, which it seems were covered by policies issued by the defendants. At the trial, an admission was made by the plaintiffs in a statement of facts agreed to by both parties; upon which much stress is laid by the defendants.' Taking the admission as a whole, we understand it to be an acknowledgment by the plaintiffs that they were not aware, at the time of effecting insurance, that other merchandise besides the lard and wheat would be shipped to them by the same barge, and did not expect such additional shipment by that conveyance ; but there is no evidence to show that they made any declaration to that effect to the defendants, or intended to exclude from the policy any such further shipments, should they have been made. Looking at the instructions of their correspondent, received before the policy in question was effected, it was natural and proper that they should provide generally for all shipments by barges, as was done by the terms of the policy in question. If the case were reversed, and the corn and flour had arrived in safety, we do not see how the plaintiffs could have resisted an action for the premium.
It appears that the advice of the shipment of the flour and corn, and order to enter it upon the open policy, reached the plaintiffs on the same day with the intelligence of the loss, being two days after the insurance was effected. It is not shown which reached them first; but that does not affect the plaintiff's right to recover under the policy. After the shipment, and before the news of the loss, they had effected insurance, “lost or not lost.” The object of the policy was to keep the plaintiffs covered for unknown as well as known shipments. As was remarked by the judge below, the mass of commerce on the Mississippi is carried on by steamboats which out-travel the mail, and the advico of a shipment often arrives with the goods themselves.
The Columbus Insurance Company called the Memphis Insurance Company in warranty, and obtained against that company in the court below a judgment for half of the loss. The Memphis Insurance Company were re-insurers of part of the risk upon the wheat and lard, and subsequently became re-insurers of part of the risk taken by the Columbus Insurance Company by the policy *699 D † 24. This contract for re-insurance was made on the day before news of the Joss, in the form of an application and acceptance, as follows: “ To the agency of the Memphis Insurance Company : Re-insurance is wanted in the sum of $9,500, on merchandise or produce shipped on board of good barges in tow of steamboats, at and from St. Louis to this port, — this sum being one-half the amount covered by this office under open policy D † 24. (Signed,) C. C. Snethen, Agent Columbus Insurance Company, applicant.” At foot of this, the agent of the Memphis office wrote, “Taken at three per cent premium, W. J. Frierson, agent.” No policy was taken out. This was a loose way of doing business. But the Memphis Company cannot be permitted to derive any benefit from that looseness. As they chose to make a contract in this way, we must hold them bound as fully as though they had executed a formal policy of re-insurance. If that had been done, it would have contained a recitation of the risks covered by the policy D † 24 ; and as it was not done, we must give the application which refers to that policy and its acceptance a like effect.
We see no reason to disturb the judgment in warranty rendered against the Memphis Company. If the witness, Frierson, had been permitted to testify as to a verbal understanding between himself and Snethen, that the re-insurance was not to cover further merchandise by the barge towed by the Duke of Orleans, and had so testified, his testimony would have conflicted with the testimony of Snethen, the agent of the Columbus Insurance Company, and other evidence in the cause, and no case of mistake would have been made out, under the rule already noticed. The Memphis Company had immediate notice of the loss ; and we find nothing in the subsequent conduct of the Columbus Company which discharged their liability as re-insurers.
It is said the district judge should have allowed to the Memphis Company the premium at the rate stated in the application. This was not asked in the answer, and does not appear to have been brought to the notice of the court below. We do not think that the re-insurers have a right to an amendment here in their favor to that effect. Their claim for premium is notin our opinion barred by the judgment.
Judgment affirmed, with costs.